IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GERALD JONES,

     Plaintiff,

v.                                                              Case No. 25-cv-2017-NJR

KENNETH HALL, ERIN NICHOLSON,
BLAKE WILLIAMSON, JEFFREY
EHLERS, ANTHONY WILLS, and
MATTHEW PLUMMER (official capacity
only),

     Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Gerald Jones, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the Court on Jones's motion to amend complaint (Doc. 50). Defendants filed a response (Doc. 52) in opposition to the motion. Jones also filed a motion for emergency injunction/temporary restraining order ("TRO") (Doc. 56). Defendant Matthew Plummer filed a response (Doc. 59) in opposition to the motion, and Jones filed a reply (Doc. 60).

BACKGROUND

Jones's original Complaint (Doc. 1) alleged that he faced dangers to his safety in general population and protective custody at Menard and, as a result, he chose to refuse housing and remain in restrictive housing (Doc. 5, pp. 5-6). Because he refused housing, he was subjected to a "strip-out" policy that resulted in Jones losing access to all of his personal

1

property and hygiene items (*Id.* at p. 6). Jones alleged that the strip-out policy was designed to retaliate, harass, and cause him emotional distress (*Id.* at p. 7). After a review of the Complaint pursuant to 28 U.S.C. §1915A, Jones was allowed to proceed on the following counts:

Count 1: Eighth Amendment cruel and unusual punishment and/or conditions of confinement claim against Kenneth Hall, Blake Williamson, Erin Nicholson, and Anthony Wills for implementing and subjecting Jones to the strip-out policy when he refused housing.

Count 2: First Amendment retaliation claim against Williamson and Hall for denying Jones access to his personal property and hygiene items in retaliation for Jones's lawsuits and grievances.

Count 3: Eighth Amendment deliberate indifference claim against Hall, Williamson, Jeffrey Ethler, Nicholson, and Wills for subjecting him to the strip-out policy and ignoring his requests for a crisis team.

Count 4: Eighth Amendment failure to protect claim against Hall, Williamson, Nicholson, and Wills for subjecting Jones to a choice between a possible assault in general population or losing all of his hygiene items.

Count 5: Illinois state law claim for intentional infliction of emotional distress against Hall, Williamson, Nicholson, and Wills for subjecting Jones to the strip-out policy and depriving him of all personal property and hygiene items.

(Doc. 5, p. 20).

Jones's motion to amend (Doc. 50) seeks to add a number of new claims and defendants. His motion for emergency injunction (Doc. 56) alleges that the defendants, both current defendants and those Jones attempts to add in his proposed Amended Complaint, still refuse to return his property that was confiscated on February 5, 2026 (Doc. 56, p. 1). He alleges that he is without his fans, jumpsuit changes, and tablet charger (*Id.*). Jones alleges

that after the evidentiary hearing on February 25, 2026, he started facing additional retaliation with staff banging on his cell yelling "white power" and transferring him to an unsanitary cell (*Id.* at p. 2).

Specifically, Jones alleges that on March 5, 2026, Plummer, Brandt, and Royster transferred Jones to Cell 216, a cell covered in feces, urine, and other materials (Doc. 56, p. 2). The cell also lacked cold water and a working light switch inside the cell (*Id.*). The light can only be turned on and off by officers outside of the cell. Jones alleges that the defendants will continue to move him to unsanitary cells and describes the conditions he might face, noting that some cells have flooding issues, excessive bugs, and smells (*Id.* at p. 2).

Jones also notes that Lieutenants Royster, Lynch, and Brandt stole his tablet charger (Doc. 56, p. 2). Without the charger he is unable to use the tablet and access mail from his family (*Id.* at p. 3). He alleges the lack of contact with his family affects his mental health, increasing his thoughts of self-harm (*Id.*). He further alleges that the taunting from guards regarding his tablet charger caused him to self-harm in May 2026 (*Id.* at p. 5).

In response to the motion, Defendant Plummer argues that Jones is no longer housed in Cell 216. On May 21, 2026, Jones was transferred to Cell 514 on crisis watch (Doc. 59, pp. 1-2). Lieutenant Royster examined the cell and found no feces, urine, or flooding (*Id.* at p. 2; Doc. 59-2, p. 1). The cell has both hot and cold water, as well as working light switches. Because Jones is on crisis watch, the lights must remain on for safety reasons (*Id.*). Jones is not allowed access to his tablet and charger on crisis watch (*Id.*). He may, however, receive a physical print out of his mail by submitting a request to mail services (*Id.*).

In his reply (Doc. 60), Jones alleges that he was improperly placed on suicide watch after being forced to meet with mental health staff after again refusing his placement in

3

general population (*Id*. at p. 1). He believes that Warden Plummer ordered mental health staff to place him on crisis watch in retaliation for filing his motion seeking injunctive relief (*Id*.). He believes he was intentionally removed from Cell 216 in order for Plummer to claim that Jones's motion was now moot (*Id*.). Jones alleges that Cell 514 also has feces and an excessive amount of bugs (*Id*. at pp. 2-3). Jones alleges that he did commit an act of self-harm by cutting himself with a staple but refused mental health services claiming he was not suicidal or a threat to himself (*Id*. at p. 3). He was then removed from crisis watch, despite not seeing a psychiatrist prior to his release, so that the cells could be used for other inmates placed on crisis watch (*Id*. at p. 4). Jones claims he is now in Cell 625. He alleges the cell is covered in blood and lingering mace (*Id*.). He alleges that Lieutenant Royster fabricated his declaration regarding the physical state of his cell and his ability to access mail without his tablet.

DISCUSSION

### A. Motion to Amend

Jones's proposed amended pleading suffers from a number of issues. To survive preliminary review under Section 1915A, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Jones's proposed Amended Complaint is neither short nor plain. His pleading is 107 pages with over 22 pages of new allegations. He also attempts to bring claims against 29 potential defendants, 17 of which are newly added defendants.

Although Jones claims in his motion that he has complied with SDIL Local Rule 15.1(b)(2) by underlining the new material, his proposed pleading is substantially different

from his original Complaint (Doc. 1). For instance, in his original Complaint, Jones alleged that 16 minutes after arriving at Menard he was assaulted by prison officials (Doc. 1, p. 5). But his proposed pleading identifies several individuals involved in the assault and explains the assault in detail, including statements made by the perpetrators (Doc. 50-1, p. 5). Although Jones adds additional allegations and identifies numerous individuals involved in the incident, he fails to underline any of the new material. His failure to properly identify the new material makes it very difficult to review his proposed new claims and defendants.

Finally, Jones attempts to bring numerous, unrelated claims. The Court previously warned Jones that his original pleading was too lengthy and included many potential constitutional claims and defendants that could not properly proceed in a single lawsuit (Doc. 5, p. 5). Instead of severing the claims at the time, the Court chose to focus on the main and most concerning claims and dismissed all of the unrelated claims (*Id.* at p. 19). Jones's proposed pleading, however, still includes those dismissed claims and attempts to add even more claims. He attempts to add claims that occurred after the filing of his Complaint, including mental health episodes in November 2025 and January 2026, that Jones alleges numerous officials ignored, and his placement in an unsanitary cell in March 2026 (Doc. 50-1, pp. 59-66). Many of these proposed claims are against individuals who were not previously identified as defendants in the case. These are new claims that cannot proceed in this lawsuit. Thus, his motion to amend (Doc. 50) is **DENIED**.

### B. Motion for Preliminary Injunction

As to Jones's motion for injunctive relief, he seeks removal from his current cell and an order directing the defendants to stop their retaliatory conduct. A temporary restraining order may issue without notice only if "specific facts in an affidavit or a verified complaint

5

clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). The same legal analysis is used to determine whether a TRO or a preliminary injunction is warranted.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (2d ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Jones fails to demonstrate that he is entitled to the injunctive relief he seeks. His motion alleges he was placed in Cell 216 in retaliation for filing his original complaint in this case. But Jones's Complaint does not include a claim regarding the conditions of his cells at Menard. Jones was only allowed to proceed on claims related to his access to personal property (Doc. 5, p. 20). Although Jones attempts to add claims related to his placement on crisis watch, those claims were not allowed to proceed. To the extent he seeks relief for the conditions of his cells, he would need to file a new lawsuit to pursue those claims.

Jones does note that he still does not have access to his tablet and tablet charger. He argues that the lack of access to his tablet causes him severe emotional distress because he

6

lacks access to correspondence with his family. But in denying Jones's original request for injunctive relief, the Court found that the lack of access to these personal items does not amount to a denial of life's basic necessities (Doc. 45, p. 20). Thus, Jones fails to demonstrate that he is likely to succeed on the merits of his claim regarding access to his tablet and his motion for injunctive relief is **DENIED**.

CONCLUSION

For the reasons stated above, Jones's motion to amend (Doc. 50) and motion for emergency injunction/TRO (Doc. 56) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 12, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**