**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **GERALD JONES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KENNETH HALL, ERIN NICHOLSON, BLAKE WILLIAMSON, JEFFREY EHLERS, ANTHONY WILLS, and MATTHEW PLUMMER (official capacity only),**<br><br>**Defendants.** | **Case No. 25-cv-2017-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Gerald Jones, an inmate of the Illinois Department of Corrections who is now incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while housed at Menard Correctional Center. This matter is before the Court on Jones's motion for temporary restraining order (Doc. 93).

Jones's claims in this case focus on dangers that he faced to his safety and conditions while at Menard. He alleged that he was forced to choose between going to general population, where he alleged he faced dangers from other inmates, or refusing housing and being subjected to a "strip-out" policy resulting in the loss of all of his property. At the time that Jones filed his lawsuit he was still housed at Menard Correctional Center.

On October 2, 2026, Jones filed a notice of change of address, noting that he transferred to Lawrence Correctional Center (Doc. 92). Jones subsequently filed the pending Motion for Injunction and Temporary Restraining Order (Doc. 93). Jones seeks relief for numerous issues that he has experienced since transferring to Lawrence. Those issues include denial of a pass to the clothing department upon arrival at the prison, destruction of some of his property, loss of his grievances, and placement in an unsanitary cell (Doc. 93, pp. 4-6). He fears that there is a conspiracy between Menard officials and officials at Lawrence to try to kill him. He notes that he previously faced threats and assaults while housed at Lawrence prior to his transfer to Menard (*Id*. at p. 4). To support his claim that the transfer was orchestrated with ill intent, he notes he was transferred while Lawrence had an active Covid-19 outbreak, a condition Jones believes could be used to cover for his death. Prior to his transfer, Jones alleges that Officer Brandt (who is not a party in this lawsuit) informed Jones that "we're going to transfer you back to Lawrence and let them deal with you since you don't like [our] rules." (*Id*. at p. 3). He also alleges that based on his classification level, he can only be housed at Menard, and the transfer was merely orchestrated to subject him to staff assaults at Lawrence (*Id*. at pp. 10-11).

A temporary restraining order may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v.*

*Brennan*, 511 U.S. 825, 845 (1994). The same legal analysis is used to determine whether a TRO or a preliminary injunction is warranted.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether plaintiff's claim "has some likelihood of success on the merits." *Mays v. Dart,* 974 F.3d 810, 822 (7th Cir. 2020). Jones's claims in this case involve his safety at Menard and the allegedly improper implementation of a property strip-out policy as a result of his refusal to transfer to general population. Jones now argues that he was transferred to Lawrence in retaliation for his complaints at Menard and faces numerous issues with his conditions at his new location. These claims are unrelated to his claims in this lawsuit. These claims involve a new prison and nonparties. Although Jones argues that he is facing the same safety concerns at Lawrence, the issues in this case are far different from the ones presented by Jones's motion. *Hallows v. Madison Cnty. Jail*, No. 18-CV-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) ("[A] preliminary injunction is appropriate only if it seeks relief of

the same character sought in the underlying suit, and deals with a matter presented in that underlying suit."); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (The plaintiff must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). He does not allege that he faces a strip-out policy at Lawrence or that he is forced to choose between general population and the loss of his property. He, instead, presents entirely new claims that cannot be pursued in this lawsuit.

Thus, Jones's motion for temporary restraining order is **DENIED** because it is unrelated to the claims in this lawsuit. To the extent Jones believes he is facing violations of his constitutional rights at Lawrence Correctional Center, he would have to file a new lawsuit regarding those claims.

**IT IS SO ORDERED.**

**DATED: October 22, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**